UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | | |
|---|---|---|
| In re: | : | |
| Compass Medical, P.C., | : | Chapter 7 |
| | : | Case No.: 23-10886-CJP |
| Debtor. | : | |
| | : | |
| John J. Aquino, Chapter 7 Trustee of Compass Medical, P.C., | : | |
| | : | |
| Plaintiff, | : | |
| | : | A.P. No.: |
| v. | : | |
| Healthequity, Inc., | : | |
| | : | |
| Defendant. | : | |

# COMPLAINT

Plaintiff John J. Aquino, solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of debtor Compass Medical P.C. (the "Debtor"), by way of complaint against Defendant Healthequity, Inc. (the "Defendant"), hereby alleges as follows:

## Parties

1. The Trustee is the duly-appointed Chapter 7 trustee of the Debtor and the Estate.

2. The Debtor is a Massachusetts professional corporation and the debtor in this Chapter 7 proceeding.

3. Defendant is a Delaware corporation registered to do business in Massachusetts with a principal office at 15 West Scenic Pointe Drive, Suite 100, Draper, UT 84020.

## Jurisdiction and Venue

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

5. Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1409.

6. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2). This Court may hear and enter a final order in this matter consistent with Article III of the United States Constitution.

## Facts

7. On June 5, 2023 (the "Petition Date"), the Debtor filed a voluntary petition with this Court commencing this Chapter 7 case and the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee of the Debtor and the Estate.

8. Upon information and belief, Defendant provided benefits administration services to Debtor prior to the Petition Date.

9. On June 9, 2023, after the Petition Date, a check dated June 2, 2023 totaling $14,878.80 (the "Postpetition Transfer"), constituting payment for prepetition amounts Debtor owed Defendant, were honored by the Debtor's depository bank.

## Count I
## Avoidance of Postpetition Transfer - 11 U.S.C. § 549(a)

10. The Trustee incorporates each of the foregoing Paragraphs as if fully set forth herein.

11. 11 U.S.C. § 549(a) of the Bankruptcy Code authorizes a debtor or a party acting on behalf of the estate to avoid (a) a transfer of any interest in the debtor's property, (b) made after the Petition Date, (c) that was not authorized under the Bankruptcy Code or by the Bankruptcy Court or authorized only under 11 U.S.C. §§ 303(f) or 542(c).

12. The Postpetition Transfer was a transfer of an interest in property of the Debtor.

13. The checks comprising the Postpetition Transfer was honored by the Debtor's depository bank and were therefore deemed made after the Petition Date.

14. The Postpetition Transfer was not authorized under the Bankruptcy Code or by the Bankruptcy Court or authorized only under 11 U.S.C. §§ 303(f) or 542(c).

15. The Postpetition Transfer is an avoidable transfer under 11 U.S.C. § 549(a).

## Count II
## Recovery of Property - 11 U.S.C. § 550

16. The Trustee incorporates each of the foregoing Paragraphs as if fully set forth herein.

17. 11 U.S.C. § 550(a) provides that if a transfer is avoided under 11 U.S.C. § 549, the Trustee may recover the property or the value of the property transferred from the initial transferees, the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee.

18. The Defendant is the initial transferee of the Postpetition Transfer.

19. The Trustee may recover the Postpetition Transfer or the fair value thereof pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands judgment against the Defendant as follows:

1. Pursuant to Counts I and II, enter judgment in favor of the Trustee and against the Defendant in the amount of the Postpetition Transfer, plus prejudgment interest thereon; and

2. Grant the Trustee such other and further relief as is equitable and just.

Respectfully submitted,

JOHN J. AQUINO, Chapter 7 Trustee of
Compass Medical, P.C.
By his attorneys,

/s/ *James G. Atchison*
Michael J. Goldberg (BBO # 551869)
James G. Atchison (BBO # 671047)
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
(857) 241-1355
goldberg@casneredwards.com
atchison@casneredwards.com

4